IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CESARE REDMOND,

        Plaintiff,                     No. 07-cv-00021-ALA P

    vs.

W.A. RODRIGUEZ, et. al.,

        Defendants.         ORDER

_____/

      Plaintiff Cesare Redmond is a state prisoner proceeding pro se. Mr. Redmond seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

      Mr. Redmond's in forma pauperis application fails to make the showing required by 28 U.S.C. § 1915(a)(2) because he submits his trust account information dating back only three, instead of six, months before the date he filed his Complaint. *See* Docket No. 2; 28 U.S.C. § 1915(a)(2) (requiring "a certified copy of the [prisoner's] trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . ."). The trust account statement he submits dates back to September 1, 2006, whereas a statement dating back to June 1, 2006 is needed to satisfy 28 U.S.C. § 1915(a)(2). Accordingly, his request to proceed in forma pauperis will be denied without prejudice.

1

Because Mr. Redmond is a prisoner seeking relief from a governmental entity or officer or employee of a governmental entity, this Court must also screen his complaint. 28 U.S.C. § 1915A(a). Under § 1915A(b), the Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this Court] must accept [Mr. Redmond]'s allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006). The Court will examine each of Mr. Redmond's claims to determine if it is sufficient under § 1915A(b).

**I.   Mr. Redmond's Claims**

   **A.  Claim 1**

Mr. Redmond's first claim states in pertinent part that he "was unlawfully placed in administrative segregation ("ad-seg") on March 10, 2005, and remained in ad-seg even though defendants had sufficient information to release Plaintiff." *See* Docket No. 1. In this claim, Mr. Redmond fails to specify which Constitutional rights he alleges were violated. The most likely are the Eighth and Fourteenth Amendments.

To the extent Mr. Redmond relies on the Eighth Amendment, he has failed to state a claim. An Eight Amendment violation occurs when: (1) a prison official's act or omission resulted in the denial of "the minimal civilized measure of life's necessities" and (2) the prison official had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

(internal citations omitted).  Mr. Redmond has failed to provide any allegations regarding the conditions to which he was subjected in administrative segregation, or indicating that the transfer to administrative segregation deprived him of "the minimal civilized measure of life's necessities."

Mr. Redmond has also failed to state a claim for denial of his Fourteenth Amendment right to procedural due process.  Prisoners claiming due process violations from a transfer to administrative segregation must show that (1) the transfer resulted in "a change . . . in confinement that impose[d] an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life,'" *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000)) and (2) that he was subjected to this change without due process of law.   Whether Mr. Redmond possessed a Constitutional liberty interest in being free from administrative segregation will depend on "a factual comparison between conditions in [the] general population . . . and [the administrative] segregation [to which he was subjected], examining the hardship caused by the prisoner's challenged action in relation to the basic conditions of life as a prisoner." *Id.*; *see also Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (explaining that an "atypical and significant hardship" infringes upon a protected liberty interest).  Mr. Redmond has included no facts about the conditions in administrative segregation, and therefore has failed to allege that his placement there subjected him to "atypical and significant hardship."

**B.  Claim 2**

Mr. Redmond's second claim is that "[d]efendants denied [him] medical treatment for asthma while housed in ad-seg from March 15, 2005 until on or about March 21, 2005." *See* Docket No. 1.  This claim appears to be based on the Eighth Amendment.

To assert an Eight Amendment claim for a denial of medical care, a plaintiff must allege that a prison official was aware that he or she was seriously ill but nonetheless ignored his or her request for assistance.  *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see also*, *Lopez v. Smith*,

203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).  Although Mr. Redmond does make such allegations, his claim still fails because he has not alleged any personal involvement by any named defendant in the denial of medical care he suffered.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant.").

### C. Claim 3

Mr. Redmond's third claim states that "[d]efendants falsified state documents on March 9, 2005, to place Plaintiff in ad-seg."  *See* Docket No. 1.  As with under Claim 1, Mr. Redmond fails to assert a cognizable liberty interest as required by *Sandin,* and thus has insufficiently pleaded facts to support a Fourteenth Amendment procedural due process claim.  No other Constitutional provision appears applicable to his claim.

### D. Claim 4

Mr. Redmond's fourth claim states that "[d]efendents failed to perform their duties and afford Plaintiff a fair hearing on March 10, 2005, and March 14, 2005, AFTER possessing sufficient and reliable information that Plaintiff was not involved in riot."  *See* Docket No. 1 (alteration in original).  This claim fails to satisfy Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement of the claim that will give a defendant fair notice of what the claim is and the grounds on which it rests.  *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also*, FED. R. CIV. P. 8(a)(2) (stating "[a] pleading . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . .").  Mr. Redmond's complaint fails to set forth sufficient facts to give notice of the basis of the claim to the named defendants.

For the foregoing reasons, Mr. Redmond's Complaint must be dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim.

## II.  Leave to Amend

In dismissals for failure to state a claim under § 1915A, "[l]eave to amend should be

4

granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (internal quotations omitted). Such leave should only be denied where "the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005). As such, Mr. Redmond will be granted leave to file an amended complaint.

If Mr. Redmond chooses to amend his complaint, he should be aware that he will likely not be able to recover for any mental or emotional distress he may have incurred from being cuffed, placed, and held in administrative segregation. *See* 42 U.S.C. § 1997e(e) (stating that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury."). Mr. Redmond should also be aware that "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, Mr. Redmond is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Mr. Redmond's Complaint is dismissed without prejudice.

2. Mr. Redmond is advised to file a new application to proceed in forma pauperis under 28 U.S.C. § 1915 with a statement of his trust account dating back six months before his Complaint was filed on January 4, 2007.

3. Mr. Redmond is granted sixty (60) days from the date of this order to file an Amended Complaint. In the Amended Complaint, Mr. Redmond is instructed to set forth the specific constitutional and/or statutory rights he alleges were violated, and the names of specific prison

5

officials who he alleges violated these rights. Mr. Redmond shall file an original and one copy of the Amended Complaint, which must bear the docket number assigned to this case and be titled "Amended Complaint."   If Mr. Redmond files an Amended Complaint stating a cognizable claim, the Court will proceed with service of process by the United States Marshal.

DATED: August 17, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation