IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESARE REDMOND, | No. 2:07-cv-00021 MCE EFB P |
| Plaintiff, | |
| vs. | ORDER |
| W.A. RODRIGUEZ, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On April 24, 2009, the court found that plaintiff's amended complaint stated cognizable claims against defendants Rodriguez and Valadez. That order directed plaintiff to submit, within twenty days, two USM-285 forms and three copies of the endorsed amended complaint required for the United States Marshal to serve defendants. The 20-day period expired and plaintiff failed to return the forms required to effect service or to otherwise respond to the court's order. On August 19, 2009, the court dismissed this action because plaintiff failed to comply with the April 24, 2009 order. The Clerk of the Court duly entered judgment. Petitioner now seeks relief from judgment.

///

Pursuant to Fed. R. Civ. P. 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff claims he attempted to comply with the April 24, 2009 order, but that he did not have sufficient funds in his inmate account to purchase the envelopes and postage for mailing the documents to the court. Plaintiff explains further that he was confused about how to fill out the service forms and how to otherwise comply with the court's order. Plaintiff was eventually able to obtain the assistance of another inmate, who helped him prepare the instant motion for relief from judgment and prepare the documents as directed by the court's April 24, 2009 order. With his motion, plaintiff has submitted the documents necessary for service on defendants Valadez and Rodriguez, and thus, has complied with the April 24, 2009 order. Based on the foregoing, the court will grant plaintiff's motion pursuant to Rule 60(b)(1).

Accordingly, it is hereby ORDERED that plaintiff's motion for relief from judgment is granted. The Clerk of Court is directed to reopen the case and set aside the judgment.

Dated: February 22, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE